1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROGELIO P. CHAVEZ,                    )    Case No. CV 12-5179 JC
                                      )
                    Plaintiff,        )
                                      )    MEMORANDUM OPINION
          v.                          )
                                      )
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social                )
Security,                             )
                                      )
                    Defendant.        )
_____     )

## I.    SUMMARY

On June 20, 2012, plaintiff Rogelio P. Chavez ("plaintiff") filed a
Complaint seeking review of the Commissioner of Social Security's denial of
plaintiff's application for benefits.  The parties have consented to proceed before a
United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; June 25, 2012 Case Management Order ¶ 5.
///

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 8, 2009, plaintiff filed an application for Disability Insurance Benefits.  (Administrative Record ("AR") 27, 200).  Plaintiff asserted that he became disabled on February 13, 2009, due to a work injury to his back, neck and left foot, high blood pressure, and cholesterol.  (AR 219).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by a Spanish language interpreter) and a vocational expert on January 18, 2011.  (AR 54-116).

On February 9, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 27-35).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  low back pain, left knee pain, and a depressive disorder (not otherwise specified) (AR 29); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 30); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. § 404.1567(c)) with certain additional exertional and nonexertional limitations[2] (AR 30-31);

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2]More specifically, the ALJ determined that plaintiff (i) could exert up to 20 to 50 pounds of force occasionally, and/or 10 to 20 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects; (ii) could stand and walk up to six hours in an eight-hour workday with normal breaks, provided that standing and walking did not exceed two hours at a time; (iii) could sit up to six hours in an eight-hour workday with normal breaks, provided that sitting did not exceed four hours at a time; (iv) could perform work that does not

(continued...)

1   (4) plaintiff could perform his past relevant work as a stores laborer, hand

2   packager, and machine packager (AR 33); (5) alternatively, there are jobs that

3   exist in significant numbers in the national economy that plaintiff could perform,

4   specifically cleaner II, linen room attendant, dining room attendant, and

5   campground attendant (AR 34-35); and (6) plaintiff's allegations regarding his

6   limitations were not fully credible (AR 31-32).

7        The Appeals Council denied plaintiff's application for review.  (AR 3).

8   **III.   APPLICABLE LEGAL STANDARDS**

9        **A.   Sequential Evaluation Process**

10        To qualify for disability benefits, a claimant must show that the claimant is

11   unable "to engage in any substantial gainful activity by reason of any medically

12   determinable physical or mental impairment which can be expected to result in

13   death or which has lasted or can be expected to last for a continuous period of not

14   less than 12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

15   (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

16   impairment must render the claimant incapable of performing the work claimant

17   previously performed and incapable of performing any other substantial gainful

18   employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094,

19   1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

20        In assessing whether a claimant is disabled, an ALJ is to follow a five-step

21   sequential evaluation process:

22   ///

23

24   _____

25        [2](...continued) require more than occasional (*i.e.*, up to 30 percent of the workday) climbing (ladders, ropes,

26   scaffolds, ramps or stairs), balancing, stooping, kneeling, crouching or crawling; (v) could frequently operate foot controls with his left lower extremity; (vi) was able to perform work that

27   does not require concentrated exposure to unprotected heights; (vii) was able to perform only simple, routine, repetitive tasks; and (viii) was able to interact with coworkers or the general

28   public only briefly and occasionally.  (AR 30-31).

(1)    Is the claimant presently engaged in substantial gainful activity?  If
       so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit
       the claimant's ability to work?  If not, the claimant is not
       disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of
       impairments, meet or equal an impairment listed in 20 C.F.R.
       Part 404, Subpart P, Appendix 1?  If so, the claimant is
       disabled.  If not, proceed to step four.

(4)    Does the claimant possess the residual functional capacity to
       perform claimant's past relevant work?  If so, the claimant is
       not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when
       considered with the claimant's age, education, and work
       experience, allow the claimant to adjust to other work that
       exists in significant numbers in the national economy?  If so,
       the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
1110 (same).

       The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
proving disability).

       **B.    Standard of Review**

       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal

4

1   error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

2   2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

3   (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

4   mind might accept as adequate to support a conclusion." Richardson v. Perales,

5   402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

6   mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing

7   Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

8        To determine whether substantial evidence supports a finding, a court must

9   "'consider the record as a whole, weighing both evidence that supports and

10   evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

11   Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

12   953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

13   or reversing the ALJ's conclusion, a court may not substitute its judgment for that

14   of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

15  **IV.   DISCUSSION**

16        Plaintiff contends that a reversal or remand is warranted because the ALJ

17   (1) failed properly to consider plaintiff's obesity; and (2) improperly rejected the

18   opinions of Dr. J. Pierce Conaty, a state-agency examining orthopedic surgeon, in

19   favor of another, purportedly less credible, state-agency examining physician.

20   (Plaintiff's Motion at 4-9) (citing, *inter alia*, AR 276-81, 292-305).  As discussed

21   in detail below, plaintiff is not entitled to a reversal or remand on either of these

22   grounds.

23        **A.    The ALJ Did Not Materially Err in Considering Plaintiff's**

24            **Obesity**

25                **1.    Applicable Law**

26        In Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), the Ninth Circuit held

27   that an ALJ should consider the effect of the claimant's obesity, in combination

28   with the claimant's other impairments, on the claimant's health and ability to work

even where the claimant does not raise the issue. Id. at 1182. The Ninth Circuit came to this conclusion for three reasons: (1) the claimant had implicitly raised the issue of obesity in her report of symptoms; (2) the record clearly showed that the claimant's obesity was at least close to the listing criterion, and was a condition that could exacerbate the claimant's reported illness; and (3) in light of the claimant's *pro se* status, the ALJ's personal observation of the claimant and the information in the record should have alerted him to the need to develop the record on the claimant's behalf. Burch, 400 F.3d at 682 (citing Celaya, 332 F.3d at 1182).

More recently, in Burch, the Ninth Circuit distinguished its holding in Celaya, finding no reversible error in the ALJ's failure to consider the claimant's obesity at multiple steps of the sequential evaluation process where (1) the claimant was represented by counsel; (2) the record did not indicate that the claimant's obesity exacerbated the claimant's other impairments (other than possibly her back pain), and (3) the claimant failed to (a) specify which listing the claimant believed the claimant met or equaled; (b) did not set forth any evidence which would support the diagnosis and findings of a listed impairment; and (c) pointed to no evidence of functional limitations due to obesity which would have impacted the ALJ's analysis. Burch, 400 F.3d at 682-84.

### 2.   Analysis

Plaintiff claims that a reversal or remand is required because the ALJ failed properly to consider plaintiff's obesity during the sequential evaluation process. (Plaintiff's Motion at 5-7). The Court disagrees.

First, plaintiff has not identified any listing he believes he met or equaled based on his obesity, nor has he set forth any evidence which would support the diagnosis and findings of a listed impairment. Absent any plausible theory as to how his obesity meets or equals a listed impairment, plaintiff fails to establish that the ALJ materially erred at step three. See Burch, 400 F.3d at 683 (A claimant

1    bears the burden of proving that he has an impairment or combination of

2    impairments that meets or equals the criteria of a listed impairment.); see also

3    Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (plaintiff must present plausible

4    theory as to how an impairment or combination of impairments equals a listed

5    impairment).

6         Second, the record does not indicate that plaintiff's obesity exacerbated his

7    other impairments, and plaintiff points to no evidence that he suffered from

8    functional limitations due to obesity, let alone limitations which would have

9    impacted the ALJ's analysis.  For example, plaintiff notes that the Body Mass

10   Index ("BMI") calculated from plaintiff's height and weight recorded by Dr.

11   Conaty at the October 7, 2010 Orthopedic Consultation (i.e., BMI 32.8) placed

12   plaintiff in the low end of the obesity scale.  (Plaintiff's Motion at 6) (citing AR

13   292-96); see Social Security Ruling ("SSR") 02-1p, 2000 WL 628049, *2 ("For

14   adults . . . the Clinical Guidelines describe a BMI of . . . 30.0 or above as

15   'obesity.'").  Nonetheless, plaintiff does not say (nor does the record reflect) that

16   Dr. Conaty diagnosed plaintiff as obese, or that the examining doctor found that

17   plaintiff suffered from any functional limitations due to his weight.  (AR 292-96).

18   Likewise, although, as plaintiff points out, a May 25, 2010 treatment note assessed

19   plaintiff with "obesity," the note did not indicate that the obesity caused any

20   functional limitations.  (Plaintiff's Motion at 6) (citing AR 366).  Plaintiff's

21   current speculation that his obesity might have impacted his ability to work does

22   not constitute evidence and falls far short of meeting his burden of proof.  A bare

23   assertion that plaintiff's severe impairments of low back pain and left knee pain

24   "are expected results of obesity" (Plaintiff's Motion at 6) is meaningless absent

25   significant probative evidence in the record which reflects that obesity exacerbated

26   plaintiff's existing condition or caused limitations beyond those already accounted

27   for in the ALJ's residual functional capacity assessment.

28   ///

7

1    In short, on the facts presented here, plaintiff has failed to show that the

2  ALJ's assessment and findings regarding plaintiff's obesity were erroneous.  See

3  Hoffman v. Astrue, 266 Fed. Appx. 623, 625 (9th Cir. 2008) (ALJ's failure to

4  consider plaintiff's obesity in relation to residual functional capacity proper

5  because plaintiff failed to show how obesity in combination with another

6  impairment increased severity of limitations); see also Burton v. Astrue, 310 Fed.

7  Appx. 960, 961 n.1 (9th Cir. 2009) (rejecting plaintiff's assertion that ALJ failed

8  adequately to consider plaintiff's obesity where plaintiff failed to specify how his

9  obesity limited his functional capacity or how it exacerbated his currently existing

10  condition; noting that ALJ's consideration of obesity in overall assessment that

11  plaintiff was capable of working was proper).[3]

12    Accordingly, a remand or reversal on this basis is not warranted.

13    **B.    The ALJ Properly Evaluated the Medical Opinion Evidence**

14        **1.    Pertinent Law**

15    In Social Security cases, courts employ a hierarchy of deference to medical

16  opinions depending on the nature of the services provided.  Courts distinguish

17  among the opinions of three types of physicians:  those who treat the claimant

18  ("treating physicians") and two categories of "nontreating physicians," namely

19  those who examine but do not treat the claimant ("examining physicians") and

20  those who neither examine nor treat the claimant ("nonexamining physicians").

21  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

22  treating physician's opinion is entitled to more weight than an examining

23  physician's opinion, and an examining physician's opinion is entitled to more

24  ///

25  ///

26

27  _____

28        [3]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

weight than a nonexamining physician's opinion.[4] <u>See</u> <u>id.</u>  In general, the opinion

of a treating physician is entitled to greater weight than that of a non-treating

physician because the treating physician "is employed to cure and has a greater

opportunity to know and observe the patient as an individual." <u>Morgan v.</u>

<u>Commissioner of Social Security Administration</u>, 169 F.3d 595, 600 (9th Cir.

1999) (citing <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987)).

        The treating physician's opinion is not, however, necessarily conclusive as

to either a physical condition or the ultimate issue of disability.  <u>Magallanes v.</u>

<u>Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989) (citing <u>Rodriguez v. Bowen</u>, 876 F.2d

759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not

contradicted by another doctor, it may be rejected only for clear and convincing

reasons.  <u>Orn v. Astrue</u>, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

quotations omitted).  The ALJ can reject the opinion of a treating physician in

favor of another conflicting medical opinion, if the ALJ makes findings setting

forth specific, legitimate reasons for doing so that are based on substantial

evidence in the record.  <u>Id.</u>  (citation and internal quotations omitted); <u>Thomas v.</u>

<u>Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out

detailed and thorough summary of facts and conflicting clinical evidence, stating

his interpretation thereof, and making findings) (citations and quotations omitted);

<u>Magallanes</u>, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to

reject a treating physician opinion – court may draw specific and legitimate

inferences from ALJ's opinion).  "The ALJ must do more than offer his

conclusions." <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must

set forth his own interpretations and explain why they, rather than the

---

[4]<u>Cf.</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

1  [physician's], are correct." Id.  "Broad and vague" reasons for rejecting the

2  treating physician's opinion do not suffice.  McAllister v. Sullivan, 888 F.2d 599,

3  602 (9th Cir. 1989).  These standards also apply to opinions of examining

4  physicians.  See Carmickle v. Commissioner, Social Security Administration, 533

5  F.3d 1155, 1164 (9th Cir. 2008) (quoting Lester, 81 F.3d at 830-31); Andrews v.

6  Shalala, 53 F.3d 1035, 1042-44 (9th Cir. 1995).

7                    **2.    Analysis**

8         On October 7, 2010, Dr. Conaty performed an Orthopedic Consultation for

9  plaintiff which included a physical examination.  (AR 292-96).  Based on his

10  examination of plaintiff, Dr. Conaty opined that (1) plaintiff had symptomatic

11  magnification of his subjective complaints; (2) the only objective findings

12  "appear[ed] to be the arthroscopic surgery of the right ankle and the limited range

13  of motion and the mild radiographic changes in the lumbar spine"; and (3) as a

14  result, plaintiff could only (a) lift and carry 20 pounds occasionally and 10 pounds

15  frequently, (b) stand and walk for up to six hours in an eight-hour workday, (c) sit

16  for six hours in an eight-hour workday, and (d) occasionally (i.e., 30% of the

17  workday) climb, stoop, kneel and crouch (collectively "Dr. Conaty's Opinions").

18  (AR 296).  Plaintiff claims that a reversal or remand is required because the ALJ

19  improperly rejected Dr. Conaty's Opinions.  (Plaintiff's Motion at 7).  The Court

20  disagrees.

21         First, contrary to plaintiff's suggestion, the ALJ did not reject all of Dr.

22  Conaty's opinions.  The ALJ's residual functional capacity assessment for plaintiff

23  essentially incorporated all of the sitting/standing/walking and postural limitations

24  found by Dr. Conaty (i.e., stand/walk/sit for six hours in an eight-hour workday,

25  occasionally (i.e., 30% of the workday) climb, stoop, kneel and crouch) and even

26  added limitations not found by Dr. Conaty (i.e., standing and walking could not

27  exceed two hours at a time, sitting could not exceed four hours at a time, only

28  occasional balancing and crawling).  (Compare AR 30-31 with AR 296).  The only

1  opinions the ALJ did not fully adopt were Dr. Conaty's findings that plaintiff

2  could only lift and carry 20 pounds occasionally and 10 pounds frequently.  (Id.)

3        Second, to the extent the ALJ rejected Dr. Conaty's opinions regarding

4  plaintiff's lift/carry abilities, he properly did so for specific and legitimate reasons

5  based on substantial evidence in the record.  An ALJ may reject an examining

6  physician's opinion to the extent it is unsupported by clinical findings or the

7  record as a whole.  See Mendoza v. Astrue, 371 Fed. Appx. 829, 831-32 (9th Cir.

8  2010) ("The ALJ permissibly rejected a medical opinion of a non-treating

9  examining physician that was unsupported by the record as a whole.") (citation

10  omitted); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ may

11  reject the conclusory opinion of an examining physician if the opinion is

12  unsupported by clinical findings).  Here, the ALJ noted that Dr. Conaty's opinions

13  were "somewhat more limited" than suggested by the minimal objective findings

14  Dr. Conaty noted in his Orthopedic Consultation report.  (AR 33) (citing Exhibit

15  10F at 5 [AR 296]).  Thus, the ALJ properly gave less weight to Dr. Conaty's

16  unsupported opinions in favor of the conflicting opinions of Dr. Aida Cruz,

17  another state-agency examining physician, who found no physical limitations

18  beyond those already accounted for in the ALJ's residual functional capacity

19  assessment.  (AR 32-33, 276-80).  Dr. Cruz's opinions were supported by

20  independent clinical findings (i.e., an Internal Medicine Evaluation and physical

21  examination of plaintiff) (AR 276-80), and thus constituted substantial evidence

22  upon which the ALJ could properly rely to reject Dr. Conaty's opinions.  See, e.g.,

23  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative

24  examiner's opinion on its own constituted substantial evidence, because it rested

25  on independent examination of claimant); Andrews, 53 F.3d at 1041.  Although

26  plaintiff contends that Dr. Cruz's opinions were entitled to less weight than those

27  of Dr. Conaty (Plaintiff's Motion at 8-9), the Court will not second guess the

28  ///

1    ALJ's reasonable determination that they were not.  <u>Robbins</u>, 466 F.3d at 882

2    (citation omitted).

3          Accordingly, a remand or reversal on this basis is not warranted.

4    **V.     CONCLUSION**

5          For the foregoing reasons, the decision of the Commissioner of Social

6    Security is affirmed.

7          LET JUDGMENT BE ENTERED ACCORDINGLY.

8    DATED:  November 30, 2012

9                                          <u>          /s/          </u>

10                                         Honorable Jacqueline Chooljian

11                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28